UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ, CDCR #D-61222,<br><br>                            Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>                            Defendant. | Case No.: 22-CV-446-BAS-WVG<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (ECF No. 1, 5.)  Defendant filed an answer on September 1, 2023. (ECF No. 18.)  On September 8, 2023, the Court ordered an Early Neutral Evaluation Conference and Case Management Conference in this matter, set for November 3, 2023.  (ECF No. 19.)  Plaintiff now moves for appointment of counsel (Mot. to Appoint Counsel, ECF No. 21).

Plaintiff requests appointment of counsel because he "is unable to afford counsel," the "issues in this case are complex," he has limited access to the prison's law library, he has written to several attorneys requesting counsel and not heard back, he has limited knowledge of the law, and the Court ordered an Early Neutral Evaluation Conference and

Case Management Conference to be held November 3, 2023 . (Mot. for Appointment, ECF No. 21.) Plaintiff contends he is "a lay person without experience of an Early Neutral Evaluation and Case Management Conference hearing or its procedures" and the Court should appoint counsel who is better suited to effect discovery and conduct the Early Neutral Evaluation and Case Management Conference. *Id.* at 4.

There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). While a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro se litigants." *Wells v. Washington State Dep't of Corr.*, No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Plaintiff's Motion's suggests he is incapable of articulating the factual basis for his claims at an Early Neutral Evaluation Conference or Case Management Conference. Notably, Judge Bashant made the same finding in her denial of Plaintiff's previous motion to appoint counsel (ECF No. 5), noting that Plaintiff's claims appeared to be "relatively straightforward." *Harrington*, 785 F.3d at 1309. Based on the initial screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), Judge Bashant found that Plaintiff stated a plausible First Amendment retaliation claim.

With respect to the merits of Plaintiff's claims, in the Court's initial screening of Plaintiff's Complaint, Judge Bashant found that while Plaintiff may have sufficiently pleaded a plausible First Amendment claim at the preliminary stage of the proceedings, it was too soon to tell whether Plaintiff is likely to succeed on the merits. (ECF No. 5.)

Similarly, although the Court has ordered an Early Neutral Evaluation Conference and Case Management Conference, this case remains in the preliminary stages of ligation. By local rule, "[w]ithin forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judge for an early neutral evaluation conference". Civ. L. Rule 16.1(c). The Court finds that this case remains in its preliminary stages and it is still too soon to determine whether Plaintiff is likely to succeed on the merits. *See Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, No. 3:17-cv-00546-JLSJLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), reconsideration denied, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore*, No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

Accordingly, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and DENIES without prejudice Plaintiff's Motion to Appoint Counsel. (ECF No. 21.)

**IT IS SO ORDERED.**

DATED: September 28, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge