UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>    Defendant. | Case No.:  22-cv-446-BAS-KSC<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1.d. of the Civil Local Rules, a Case Management Conference was held on **November 3, 2023**. After consulting with counsel[1] and with good cause appearing, **IT IS HEREBY ORDERED**:

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **December 8, 2023**.

3. A telephonic Status Conference will be held on **February 16, 2024**, at **10:00 a.m.** before Magistrate Judge Karen S. Crawford. To participate in the conference, counsel

---

[1] As used herein, references to "attorneys" and "counsel" include any self-represented party.

must dial the toll-free number, 1-877-873-8017, and use access code 2924630, and enter "*" if prompted for a security code. Participants will remain on hold until the Court activates the conference call.

4. If plaintiff is incarcerated in a penal institution or other facility, plaintiff may appear for conferences before Magistrate Judge Karen S. Crawford by telephone or videoconference. In that case, defense counsel is to coordinate plaintiff's appearance.

5. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 5, 2024**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 5, 2024**. On or before **April 19, 2024**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **May 10, 2024**. Any contradictory or rebuttal information shall be disclosed on or before **June 7, 2024**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3)

(discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

7. All fact discovery shall be completed by all parties by **April 5, 2024**. All expert discovery shall be completed by all parties by **July 5, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **The parties shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel and any self-represented party to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the moving party shall file an appropriate motion within 30 days of the event giving rise to the dispute, including a declaration outlining what efforts the parties have undertaken to meet and confer and attempt to resolve the dispute on their own.[2] **A failure**

---

[2] The Court uses these parameters to determine the date of the event giving rise to the dispute:

1. Oral Discovery: the event giving rise to the discovery dispute is the receipt of the transcript from the court reporter of the affected portion of the deposition.

2. Written Discovery: the event giving rise to the discovery dispute is the service of the initial response, or the passage of the due date without a response or document production.

**to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

8. All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **August 2, 2024**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days.  Please plan accordingly.**  Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

9. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.**  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

10. A Mandatory Settlement Conference ("MSC") will be conducted on **March 12, 2024** at **2:00 p.m.** by **Magistrate Judge Karen S. Crawford.** All parties (including those indemnified by others), claims adjusters for insured defendants, the principal

---

3. Effect of Meet and Confer Efforts: The Trigger Date is not the date the parties reach an impasse in meet and confer efforts.

attorney(s) responsible for the litigation, and non-lawyer representatives with full and unlimited authority to negotiate and enter into a binding settlement must be present and legally and factually prepared to discuss and resolve the case. The MSC will be conducted by Zoom.[3]

Counsel must submit by email (efile_crawford@casd.uscourts.gov) the names, titles, email addresses and phone numbers of MSC participants and confidential MSC briefs by **March 5, 2024**.

All parties must read and fully comply with Section V. of Magistrate Judge Crawford's *Chamber Rules for Civil Pretrial Procedures*.

11. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **November 4, 2024**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

12. In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

13. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **November 11, 2024**.

14. Counsel for the plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **November 18, 2024**.

15. The proposed pretrial order shall be lodged with the district judge's chambers on or before **November 25, 2024**, and shall be in the form prescribed in Local Rule 16.1.f.6.

---

[3] The parties may request the MSC be converted to an in-person conference informally by placing a joint call to chambers or lodging a joint email to efile_crawford@casd.uscourts.gov. Counsel must meet and confer prior to any such request.

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Monday, **December 9, 2024** at **11:00 am**.

17. All motions *in limine* are due no later than **December 30, 2024**.

18. All responses to the motions *in limine* are due no later than **January 6, 2025**.

19. The parties shall submit the following no later than **January 6, 2025**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

20. The parties shall exchange final exhibit and witness lists no later than **January 28, 2025**.

21. A hearing for motions *in limine* is scheduled for Monday. **January 27, 2025** at **10:30 am**.

22. The trial in this matter shall commence on Tuesday, **February 4, 2025** at **9:00 am**.

23. The dates and times set forth herein will not be modified except for good cause shown.

24. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: November 6, 2023

Hon. Karen S. Crawford
United States Magistrate Judge