# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>                    Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR LEAVE TO DEPOSE PLAINTIFF**<br><br>**[Doc. No. 69]** |

Before the Court is Defendant's *Nunc Pro Tunc* Request for Leave to Depose Plaintiff ("Request"). Doc. No. 69. Therein, Defendant seeks leave to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30.[1] *Id.* at 2. Defendant concedes, however, that Plaintiff's deposition already occurred, and that he erred by failing to obtain leave from the Court prior to the deposition. Doc. No. 69-1 at 2. Plaintiff opposes the request, arguing prejudice based on the deposition being taken without leave of court, as required by Rule 30. Doc. No. 77 ("Opposition") at 2. For the reasons stated below, the Court **GRANTS** Defendant's Request.

---

[1] Unless otherwise indicated, all references to a "Rule" are to the Federal Rules of Civil Procedure.

## I. LEGAL STANDARD

### A. *Nunc Pro Tunc* Relief

"Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders, . . . to 'reflect the reality' of what has already occurred." *Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. 57, 65 (2020) (internal citations omitted). "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." *Id.* (quoting *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376, 390 (1912)). *Nunc pro tunc* orders, however, "are not some Orwellian vehicle for revisionist history – creating 'facts' that never occurred in fact." *Id.* (quoting *United States v. Gillespie*, 666 F. Supp. 1137, 1139 (N.D. Ill. 1987)). In other words, *nunc pro tunc* relief corrects clerical errors so the record accurately reflects actions taken but should not revise case history. *See id.* ("Put plainly, the court cannot make the record what it is not.").

### B. Deponent Confined in Prison

Federal Rule of Civil Procedure 30 permits a party, by oral questions, to depose any person, including a party. Fed. R. Civ. P. 30(a)(1). Rule 30, however, requires a deposing party to seek leave of court when the deponent is "confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Failure to obtain leave under Rule 30(a)(2)(B) may be grounds to refuse to attend a deposition. *See Meeks v. Nunez,* No. 13cv973-GPC (BGS), 2016 U.S. Dist. LEXIS 60035, at *8 (S.D. Cal. May 4, 2016) (it is "within Plaintiff's right to refuse to attend" a deposition not properly noticed for failure to obtain leave of court); *see also Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003). Further, Rule 30 allows objections to the deposition, and such an objection—"whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2).

## II. DISCUSSION

As an initial matter, the Court finds that the Request does not seek *nunc pro tunc* relief, although it is styled as such. *Nunc pro tunc* relief corrects the record to reflect actions

1 that actually occurred. Here, Defendant did not seek leave of court prior to deposing
2 Plaintiff on May 3, 2024, and the Court did not grant leave to depose Plaintiff prior to
3 May 3, 2024.[2] Moreover, Defendant readily admits that he failed to seek the requisite leave
4 under Rule 30. Doc. No. 69-1 at 2. Thus, the relief Defendant seeks—retroactive leave of
5 court to depose Plaintiff—does not correct the record, and *nunc pro tunc* relief is not
6 appropriate. Instead, Defendant seeks leave to depose Plaintiff pursuant to Rule 30(a)(2)(B)
7 *after* conducting the deposition, and the Court interprets the Request as such.

There is no evidence that either prior to or during his deposition, Plaintiff objected to the deposition based on Defendant's failure to obtain leave of court. Instead, it appears Plaintiff raised this objection for the first time on June 5, 2024, *see* Doc. No. 51, prompting Defendant to file the instant Request. In evaluating Plaintiff's objection and Defendant's Request, the Court considers whether Plaintiff, an incarcerated person, was disadvantaged by the failure to obtain prior leave of court and whether re-taking the deposition would disrupt the penal institution currently housing him. *See Kendrick v. Schnorbus*, 655 F.2d 727, 729 (6th Cir. 1981) (evaluating a similar objection in the context of a summary judgment motion); *see also Jones v. Wenerowicz*, No. 4:18-CV-02353, 2022 U.S. Dist. LEXIS 149585, at *15–16 (M.D. Pa. Aug. 19, 2022) ("courts have generally looked to whether the deponent suffered any prejudice or injury as a result of the deposing party not obtaining leave of court"). The *Kendrick* Court further noted that the protections afforded by Rule 30(a)(2)(B) are "not imperative where the prisoner himself is the plaintiff in a civil rights action." *Id.* (noting that the apparent purpose of Rule 30 is to "prevent unnecessary disruption of the administration of the penal institution"); *Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2021 U.S. Dist. LEXIS 75122, at *3 (W.D. Wis. Apr. 19, 2021) (noting that purpose is "likely to ensure that the prison isn't unduly burdened and to ensure that the party taking the deposition is able to gain access to the prison at the time of deposition").

---

[2] Defendant lodged with the Court a copy of Plaintiff's deposition transcript. The transcript confirms that Plaintiff's deposition occurred on May 3, 2024, not May 23, 2024 or May 25, 2024 as stated in the Request. *See* Doc. No. 69 at 1–2.

    Here, the plain language of Rule 30 required that Defendant obtain leave of court before conducting Plaintiff's deposition on May 3, 2024. There is no exception to this requirement when the deponent is a party to the lawsuit. *See Ashby*, 331 F.3d at 1150. Nevertheless, the Court finds that Defendant's failure to obtain leave of court prior to deposing Plaintiff on May 3, 2024 did not prejudice Plaintiff. While Plaintiff argues prejudice, he fails to specify or articulate any resulting injury, and without more, the Court is not persuaded that "circumventing procedural requirements is in itself prejudicial."[3] Doc. No. 77 at 2. Nor is it evident to the Court how Defendant's failure to obtain leave of court prejudiced or affected Plaintiff's ability to obtain discovery or otherwise prosecute his claims. On the contrary, as the party initiating this civil rights suit, the likelihood of unfair prejudice or surprise to Plaintiff is minimal. *See, e.g.*, *Sorenson v. Minnesota*, No. 21-cv-671 (KMM/DJF), 2022 U.S. Dist. LEXIS 175624, at *6 (D. Minn. Sep. 28, 2022) (where the prisoner herself is the plaintiff and the very party who initiates the action, the likelihood of unfair surprise by a subsequent request for leave is minimal).

    Moreover, the Court finds that leave to conduct Plaintiff's deposition is appropriate under Rule 30 and consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2) (stating that the Court *must* grant leave to the extent the request is consistent with Rule 26(b)(1) and (2)); *see also* Fed. R. Civ. P. 26(b)(1)–(2). Plaintiff's suit is in large part based on his own recollection and account of events. *See* Doc. No. 8 at 8–14. As a witness to the events giving rise to his claims, Plaintiff has direct knowledge of relevant facts. Furthermore, it is not apparent that Plaintiff's deposition was duplicative of any other discovery obtained in the case, nor was it unduly burdensome or less convenient than other forms of discovery.

    Lastly, no benefit would come from requiring Defendant to depose Plaintiff again after properly seeking leave of court. As Defendant indicates, denying the Request would

---

[3] Plaintiff also argues that his deposition was improper because it "focused on discrediting" him or was an "assassination of plaintiff's character in bad faith." Opposition at 2. Such contentions do not demonstrate prejudice resulting from a failure to obtain leave of court but rather take issue with the form of the deposition questions.

simply result in a second motion for leave to depose Plaintiff and a second, duplicative deposition. *See* Doc. No. 69 at 3–4. Such a result would also disrupt prison administration by requiring prison officials to make Plaintiff available for deposition a second time. Hence, the only consequence of denying the instant request would be to delay this case and waste both party and judicial resources. *See Krieser v. Asset Mgmt. Grp., Inc.*, No. SA CV 20-01794-JVS (DFMx), 2021 U.S. Dist. LEXIS 177788, at *2 (C.D. Cal. Sept. 16, 2021) (granting leave to depose incarcerated person where deposing party did not follow proper procedure under Rule 30(a)(2), as denying request would cause refiling of motion for same relief and waste judicial resources).

In sum, granting the Request does not prejudice Plaintiff, would avoid disruption to the relevant penal institution, and would conserve party and judicial resources.

## III.    CONCLUSION

Accordingly, based on a review of the Request and record, the Court **GRANTS** Defendant's Request. This Order satisfies the requirement for leave of court to take Plaintiff's deposition pursuant to Rule 30(a)(2) and is effective as to Plaintiff's May 3, 2024 deposition.

**IT IS SO ORDERED.**

Dated: December 18, 2024

Honorable Valerie E. Torres
United States Magistrate Judge