# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>  Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**REPORT & RECOMMENDATION ON PLAINTIFF'S MOTION TO SUPPRESS DEPOSITION** |

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1.c.

## I.  INTRODUCTION

Before the Court is Plaintiff's Motion to Suppress Deposition of Plaintiff ("Motion to Suppress"). Doc. No. 72. Therein, Plaintiff requests that the Court "suppress and void" his May 3, 2024 deposition, which the Court interprets as a request to suppress Plaintiff's deposition testimony. The sole basis for the Motion to Suppress is Defendant's failure to obtain leave of court to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).[1] *Id.* at 1. Having considered the Motion to Suppress, and the record before it,

---

[1]  Unless otherwise indicated, all references to a "Rule" are to the Federal Rules of Civil Procedure.

and for the reasons stated below, the undersigned **RECOMMENDS DENYING** Plaintiff's Motion to Suppress.

## II. DISCUSSION

Rule 30 permits a party, by oral questions, to depose any person, including a party, without leave of court. Fed. R. Civ. P. 30(a)(1). Rule 30, however, requires a deposing party to obtain leave of court when the deponent is "confined in prison." Fed. R. Civ. P. 30(a)(2)(B). There is no exception to this requirement when the deponent is a party to the lawsuit. *See Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003).

Because Plaintiff is incarcerated, Rule 30 requires that Defendant obtain leave of court to depose Plaintiff. Defendant admits deposing Plaintiff on May 3, 2024 without first obtaining leave of court. *See* Doc. No. 69 at 2 (Defendant's related request for retroactive leave to depose Plaintiff under Rule 30(a)(2)). Nevertheless, Defendant has since sought and obtained the requisite leave under Rule 30. *See* Doc. No. 85. Specifically, following a request by Defendant, the Court gave Defendant leave to depose Plaintiff pursuant to Rule 30(a)(2) and made its order effective as to Plaintiff's May 3, 2024 deposition. *Id.* Accordingly, because the Court granted Defendant leave to depose Plaintiff, the singular basis for Plaintiff's Motion to Suppress is moot.

Furthermore, even if the issue were not moot, there is no rule requiring suppression when a party fails to obtain leave of court under Rule 30(a)(2). Courts considering this issue hold that, where the prisoner is a party to the action and makes no showing of injury caused by the failure to obtain leave of court, suppression is not required. *See, e.g.*, *Kendrick v. Schnorbus*, 655 F.2d 727, 729 (6th Cir. 1981) (holding that failure to comply with Rule 30(a)(2)(B) did not warrant suppressing an already taken deposition where the deponent was in prison, the plaintiff to the lawsuit, and could not show any real injury); *Vogelsberg v. Kim*, No. 17-cv-596-JDP, 2019 U.S. Dist. LEXIS 164523, at *3–4 (W.D. Wis. Sept. 19, 2019) (refusing to strike deposition for technical violation of Rule 30 where plaintiff-detainee failed to identify any prejudice); *Osborne v. Vasquez*, No. 3:12-cv-213 (JCH), 2013 U.S. Dist. LEXIS 36567, at *12 (D. Conn. Mar. 8, 2013) (denying motion to

suppress based on argument that defendants failed to obtain leave of court to conduct the deposition); *Subil v. U.S. Marshal*, No. 2:04-CV-0257-PS, 2008 U.S. Dist. LEXIS 71390, at *2–4 (N.D. Ind. Sept. 19, 2008) (denying motion to suppress because prisoner was party to action, made no showing of injury, and failed to object to deposition prior to being deposed).

Suppression is similarly not required here. Plaintiff fails to specify or articulate any resulting injury based on the failure to obtain leave and thus makes no showing of prejudice or harm. *See* Doc. No. 72 at 1. Moreover, as the party initiating this civil rights suit, the likelihood of unfair prejudice or surprise to Plaintiff is minimal. Based on a review of Plaintiff's deposition transcript, it is also clear that Plaintiff failed to object to the deposition based on failure to obtain leave of court. In short, other than creating delay and wasting party and judicial resources by forcing a second, duplicative deposition of Plaintiff, the undersigned sees no basis to suppress Plaintiff's deposition testimony.

### III. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion to Suppress be **DENIED**.

**IT IS HEREBY ORDERED** that any written objection to this Report and Recommendation must be filed and served on all parties no later than **December 30, 2024**. The pleading should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed and served on all parties no later than **January 6, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 18, 2024

Honorable Valerie E. Torres
United States Magistrate Judge