UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>                       Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>                       Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Doc. No. 79]** |

      Before the Court is Defendant's Motion to File Documents Under Seal ("Motion to Seal"). Doc. No. 79. Therein, Defendant requests that the Court seal two documents: (1) Section III of Defendant's Opposition to Plaintiff's Request for a Court Order to Obtain Inmate Declarations ("Opposition"); and (2) paragraphs 4–13 and 15 of the Declaration of B. Chaucer (filed in support of Defendant's Opposition). *Id.* at 1–2. Defendant represents that these documents rely upon highly confidential documents and sealing them is necessary for security reasons. Doc. 79-1[1] at 3. Defendant further represents that failing to seal these documents would "endanger and pose an unnecessary risk to the safety of other

---

[1] Page numbers for docketed materials refer to those imprinted by the Court's electronic case filing system.

1

inmates, staff, the [penal] institution, and the public at large." *Id.* Plaintiff did not file a response to the Motion to Seal.

Based on a review of the documents at issue and the record, the Court **GRANTS** the Motion to Seal for the reasons set forth below.

## I. BACKGROUND

On September 30, 2022, Plaintiff filed a First Amended Complaint against Defendant E. Duarte and other prison employees ("FAC"). Doc. No. 8. Therein, Plaintiff alleged various civil rights violations under 42 U.S.C. § 1983. *Id.* at 2. Upon screening the Complaint pursuant to 28 U.S.C. §1915A and §1915(e)(2)(B), the Court dismissed all defendants and claims except a First Amendment retaliation claim against Defendant E. Duarte. Doc. No. 9.

To support his remaining claim, Plaintiff tried to correspond with other inmates for the purpose of obtaining their declarations. *See* Doc. No. 44 at 3. These other inmates purportedly witnessed events giving rise to Plaintiff's claim. *Id.* Prison officials denied Plaintiff's request to correspond with those inmates based, in part, on Cal. Code Regs. title 15, § 3139, which restricts correspondence between inmates with "known STG affiliation." *Id.* at 3, 8; *see also* Doc. No. 44-1 at 1–10. Plaintiff is a "validated Mexican mafia member," and officials cite Plaintiff's "known STG affiliation (Mexican Mafia)" as a basis for denying his correspondence requests. Doc. No. 44-1 at 2, 5–7, 10.

Plaintiff now formally raises this issue with the Court via his Motion for Court Order to Obtain Inmate Declarations ("Motion for Declarations"). Doc. No. 64. Therein, Plaintiff asks that the Court order various prisons to allow Plaintiff to obtain declarations from inmates housed in those prisons. *Id.* at 1. Plaintiff describes his prior efforts to obtain the inmate declarations, stating that all but one of his requests to correspond with inmates were denied. *Id.* at 2, 7–16. As to the single approved request, Plaintiff did not receive a declaration or response to his correspondence. *Id.* at 2.

Defendant opposes the Motion for Declarations, and as part of its Opposition, seeks to seal the aforementioned information. Specifically, Section III of the Opposition

discusses security risks that are unique to Plaintiff, advancing the argument that security restrictions on "STG-affiliated" inmates' correspondence are well justified. Doc. No. 79-2 at 4–6. Defendant seeks to seal the entire section other than the first sentence. Second, Defendant seeks to seal portions of the declaration of B. Chaucer, a former Lieutenant of the Investigative Service Unit at Pelican Bay State Prison. Doc. No. 79-4. Specifically, Defendant seeks to seal paragraphs 4–13 and 15 of this declaration that describe security threats that are unique to Plaintiff. Doc. No. 79-1 at 3.

## II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Cmmc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044. 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. To overcome this presumption of access, the party must demonstrate either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Ctr. for Auto*, 809 F.3d at 1096–97. If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass this threshold, the "good cause" standard applies. *Id*. Further, "[e]ven if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible." *Craig v. Am. Tuna, Inc.*, No. 22-cv-00473, 2023 U.S. Dist. LEXIS 211558, at *10 (S.D. Cal. Nov. 28, 2023); *see Father M. v. Various Tort Claimants*

3

*(In Re Roman Catholic Archbishop)*, 661 F.3d 417, 425 (9th Cir. 2011).

## III. DISCUSSION

The Court finds that Defendant has overcome the strong presumption of access and that relevant portions of the Opposition should be sealed. First, Defendant does not address whether the Opposition is "more than tangentially" related to the merits of this case and therefore does not identify whether the "compelling reason" or "good cause" standard applies. However, the Court finds that Defendant's Motion to Seal satisfies the more burdensome "compelling reason" standard. Thus, the Court need not determine whether the Opposition is "more than tangentially" related to the merits of the case.

The Court has reviewed the lodged, relevant portions of the Opposition to determine whether information contained therein would indeed "pose a serious and significant threat" if available to the public. *See* Doc. No. 79-1 at 3. Having conducted this review, the Court agrees that relevant portions of the Opposition contain information, if revealed publicly, would create a significant security threat to inmates, staff, the correctional facility, and the public at large. Safety concerns that may result from the public or other inmates' access to information, including safety concerns for the Plaintiff himself, constitute compelling reasons to seal. *Gaines v. Butler*, No. 2:21-cv-02215-ART-DJA, 2023 U.S. Dist. LEXIS 104940, at *4 (D. Nev. June 16, 2023) (finding that sealing is warranted when naming individuals and describing specific incidents caused safety concerns for Plaintiff).

Portions of the Opposition at issue also make reference to highly confidential documents and intelligence that could jeopardize institutional security, further demonstrating a compelling reason to seal. *see Castellar v. Mayorkas*, No. 17-cv-00491-BAS-AHG, 2021 U.S. Dist. LEXIS 157082, at *5–12 (S.D. Cal. Aug. 19, 2021) (finding a compelling reason to seal information related to internal agency procedures and personal identifying information that could create a security risk). Lastly, Defendant has reasonably limited the request to only those portions of the Opposition that may implicate safety concerns. Thus, Defendant has adequately demonstrated compelling reasons for the Court to seal portions of the Opposition as requested.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Seal. The Court **ORDERS** the Clerk of the Court to accept and **FILE UNDER SEAL** the following portions of the Opposition as requested by Defendant:

1. Section III, with the exception of the first sentence included on lines 7–8. *See* Doc. No. 79-2 at 4–6.
2. Declaration of B. Chaucer, paragraphs 4–13 and 15. *See* Doc. No. 79-4 at 2–4.

**IT IS SO ORDERED.**

Dated: January 10, 2025

Honorable Valerie E. Torres
United States Magistrate Judge