**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>                Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>                Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER TO FILE PRIVILEGE LOG AND LODGE DOCUMENTS FOR *IN CAMERA* REVIEW** |

Before the Court is Plaintiff Frank Fernandez's ("Plaintiff") Motion to Compel Discovery. Doc. No. 81 ("Motion"). Defendant E. Duarte ("Defendant") timely opposed the Motion. Doc. No. 83 ("Opposition"). Defendant invokes the official information privilege in the Opposition, having withheld materials that are otherwise responsive to many of Plaintiff's requests for production. *Id.* at 14–16. Centinela State Prison Litigation Coordinator N. Telles ("Declarant Telles") filed a supporting declaration, representing that he or she has reviewed or is familiar with material responsive to Plaintiff's relevant requests for production. *Id.* at 67. Declarant Telles further represents that producing certain responsive documents, such as Defendant's personnel file, would present significant safety and security risks that cannot be mitigated through a protective order. *Id.* at 68–74. Defendant's counsel also affirms in a separate declaration that she has diligently reviewed

responsive documents and produced all non-privileged documents to Plaintiff. Doc. No. 83-1 at 2.

However, neither the Motion nor the Opposition attach a privilege log describing the responsive materials being withheld. Defendant's counsel briefly references a "supplemental privilege log," *see id.* at 2, but no privilege log is currently before the Court. Nor does the Court have an adequate understanding of the documents being withheld. Whenever a party withholds discoverable information due to a claim of privilege, they must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Further, when the official information privilege is asserted, the Court "must balance the government's interest in protecting official information from disclosure against the plaintiff's need for the information." *Edwards v. Cnty. of L.A.*, No. CV 08-07428 GAF(SSx), 2009 U.S. LEXIS 114577, at *2–3 (C.D. Cal. Dec. 9, 2009) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

To adequately assess Defendant's official information privilege claims and conduct the necessary balancing, the Court requires both a privilege log and unredacted copies of the documents withheld for *in camera* review. *See Solomon v. Tapia*, No. 1:22-cv-1604-KES-HBK (PC), 2024 U.S. Dist. LEXIS 236148, at *6–7 (E.D. Cal. Dec. 4, 2024) (requiring submission of unredacted report for *in camera* review and a privilege log in case involving *pro se* prisoner asserting a First Amendment claim). Therefore, the Court **ORDERS** the following:

1. On or before **February 3, 2025**, Defendant must file on the docket all privilege logs provided to Plaintiff in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

2. On or before **February 7, 2025**, Defendant must lodge with the Court for *in camera* review all responsive materials being withheld on the basis of the official information privilege. Defendant must lodge unredacted versions of the materials, either electronically or in paper form. If lodging electronically, Defendant may either e-mail the

materials to efile_torres@casd.uscourts.gov as PDF attachments or mail a USB-drive with the saved materials.

    3.    If mailing, Defendant shall address any materials to: Chambers of Magistrate Judge Valerie E. Torres, 333 West Broadway, Suite 420, San Diego, CA 92101. Defendant shall note the case name and number and shall clearly mark as "Confidential Lodgment for In Camera Review/Not for Filing" on the outside of the envelope.

**IT IS SO ORDERED.**

Dated: January 27, 2025

Honorable Valerie E. Torres
United States Magistrate Judge