**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>                Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>                Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER DENYING REQUEST FOR COURT ORDER TO OBTAIN INMATE DECLARATIONS**<br><br>**[Doc. No. 64]** |

Before the Court is Plaintiff Frank Fernandez's Request for Court Order to Obtain Inmate Declarations ("Request"). Doc. No. 64. Therein, Plaintiff requests that the Court order several California state prisons "to allow plaintiff to obtain declarations from inmate witnesses." *Id.* at 1. For the reasons stated below, the Court **DENIES** Plaintiff's Request.

**I.    INTRODUCTION**

    **A.    Background**

Plaintiff is a California state prisoner proceeding pro se. On September 30, 2022, Plaintiff filed a First Amended Complaint against Defendant E. Duarte and other prison employees ("FAC"). Doc. No. 8. Therein, Plaintiff alleged various civil rights violations under 42 U.S.C. § 1983. *Id.* at 2. Upon screening the FAC pursuant to 28 U.S.C. §1915A

and §1915(e)(2)(B), the Court dismissed all defendants and claims except a First Amendment retaliation claim against Defendant Duarte. Doc. No. 9.

To support this remaining claim, Plaintiff sought permission to correspond with other inmates for the purpose of obtaining their declarations. *See* Doc. No. 64 at 1–2 (detailing Plaintiff's efforts to correspond with inmates and attaching relevant paperwork); *see also* Doc. No. 44-1 at 2, 6, 7. These other inmates purportedly witnessed events relevant to Plaintiff's claim. Doc. No. 64 at 2–3. Prison officials approved a request to correspond with one inmate—Walter Evans. *Id.* at 2. Mr. Evans, however, did not provide a declaration or otherwise respond to Plaintiff. *Id.*

Prison officials denied Plaintiff's remaining correspondence requests based, in part, on Cal. Code Regs. title 15, § 3139, which restricts correspondence between inmates with "known STG affiliation." *Id.* at Ex. B; *see also* Doc. No. 44-1 at 1–10; Cal. Code Regs. title 15, § 3139(d).[1] Plaintiff is a "validated Mexican mafia member," and officials cite Plaintiff's "known STG affiliation (Mexican Mafia)" as a basis for denying his correspondence requests. Doc. No. 64 at 10–16. Critically, Plaintiff sought to correspond with inmates with known or suspected gang affiliations. *Id.* Furthermore, Plaintiff wished to correspond with inmates who were not litigants in Plaintiff's case, providing an additional basis for denying his requests. *See Id.* at 15, 16.

**B.    Plaintiff's Request For Declarations**

Given the denial of his correspondence requests, Plaintiff now asks that the Court order several California state prisons to allow Plaintiff to obtain declarations from inmates housed in those prisons. Doc. No. 64 at 1. Specifically, Plaintiff asks that the Court order "Pelican Bay State Prison, Lancaster State Prison, Centinela State Prison, Donovan State Prison, Folsom State Prison," and/or any other relevant prison (collectively "State

---

[1]    The Court notes that the forms attached to the Request cite to prior versions of Section 3139(d), *i.e.*, Section 3139(b). To ensure accuracy, the Court herein cites to the current version of Cal. Code Regs. title 15, § 3139.

2

Prisons") to allow Plaintiff to obtain declarations from the following inmates: Donald Ortiz, Enrique Arrequi, Halaholo, Luis Garcia, Arnold Gonzalez, and Donald Brooks (collectively, the "Inmate Witnesses"). The Inmate Witnesses purportedly witnessed Plaintiff's verbal complaint against Defendant and a verbal confrontation between Defendant and Plaintiff, and/or can testify to prior retaliatory conduct by Defendant. *Id.* at 3. Plaintiff argues that he will be prejudiced if the requested declarations are unavailable to corroborate his Complaint and oppose any summary judgment motion. *Id.*

Plaintiff attaches to the Request five "Request for Correspondence Approval" forms, showing one approval and four denials. *Id.* at 8, 10–13. Each form states that Plaintiff is a "validated Mexican mafia member." *Id.* The forms denying Plaintiff's correspondence requests also indicate that inmates Gonzalez, Arregui, Brooks, and Garcia are either suspected or validated gang/Mexican mafia members. *Id.* at 10–13. And it is these gang affiliations that form the bases for the various denials.

Specifically, prison officials denied correspondence with inmate Gonzales because he is a "validated member" and further state that the request "does not meet criteria to correspond." *Id.* at 10. In denying the correspondence request for inmate Arregui, prison officials refer to an "attachment," but Plaintiff failed to include any attachment to this form. *See id.* at 11. The denial form relating to inmate Brooks refers to Cal. Code Regs. title 15, § 3139(b) as the basis for the denial. *Id.* at 12. As to inmate Garcia, prison officials refer to the "attached document." *Id.* at 13. In turn, the attached document identifies Cal. Code Regs. title 15, § 3139(b) and states that inmate Garcia is not eligible to correspond with Plaintiff because of a "known STG Affiliation (Mexican Mafia)" and inmate Garcia is not a co-litigant in this case. *Id.* at 13–16. Plaintiff does not attach the correspondence request forms relating to inmates Ortiz and Halaholo.

C. **Defendant's Opposition**

Defendant opposes the Request. Doc. No. 89 ("Opposition"). Defendant argues that the requested declarations are not relevant or proportional and any correspondence is expressly prohibited by state regulation and raises significant security risks. *Id.* at 2.

1  Defendant first argues that inmates Garcia and Gonzalez have no relevant testimony as
2  neither was housed in the same prison as Plaintiff during the incident at issue. *Id.* at 2–3.
3  Next, Defendant argues that 15 CCR § 3139(b) expressly prohibits the Request for
4  important security reasons. *Id.* at 3. More specifically, restricting correspondence between
5  gang members prevents potentially coded messages from advancing criminal activity and
6  threatening institutions' security. *Id.*

7  Defendant further represents that there are significant security threats unique to
8  Plaintiff that make correspondence between Plaintiff and the Inmate Witnesses a serious
9  safety concern. *Id.* at 4–6. Defendant supports these security-related contentions with a
10 declaration from B. Chaucer, a current Captain and former Lieutenant in the Pelican Bay
11 State Prison's "Investigative Service Unit," which investigates criminal activity within the
12 prison. *Id.* at 8. Captain Chaucer provides additional details regarding the security threats
13 unique to Plaintiff and related to Plaintiff's gang-related activity. *Id.* at 9–10. Captain
14 Chaucer states that he reviewed highly confidential documents in preparing his declaration,
15 and that Plaintiff's unique security concerns are not publicly known. *Id.* at 10.

16 Lastly, Defendant states that mailings to Inmate Ortiz is not guaranteed to arrive
17 because he is facing federal criminal charges and moves frequently between state and
18 federal facilities. *Id.* at 6. Thus, Defendant states the relevant California Department of
19 Corrections and Rehabilitation ("CDCR") authorities cannot necessarily provide Plaintiff's
20 requested relief even if ordered to do so by the Court. *Id.* Defendant requests that the Court
21 deny Plaintiff's Request and not issue any order that permits Plaintiff to "send
22 correspondence to other validated STG members." *Id.* at 7.

23 **II.    DISCUSSION**

24 **A.    The Court Lacks Jurisdiction to Grant Plaintiff's Request**

25 Plaintiff asks the Court to direct the State Prisons to give Plaintiff access to the
26 Inmate Witnesses so he can obtain declarations from each purported witness. The Court
27 lacks jurisdiction to issue such an order.

28

The State Prisons are not parties to this suit. The Inmate Witnesses also are not parties to this suit. Moreover, there is no evidence or argument that the only named defendant, E. Duarte, has any authority to compel the State Prisons to take the action requested by Plaintiff, namely give Plaintiff access to the Inmate Witnesses. Thus, Plaintiff asks the Court to compel nonparties to act.

However, the Court lacks jurisdiction over nonparties. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, because the Court only has jurisdiction over Plaintiff and Defendant in this action, the Court cannot order the State Prisons to give Plaintiff access to the Inmate Witnesses. *See Warzek v. Valley State Prison*, No. 1:20-cv-00027-ADA-GSA-PC, 2022 U.S. Dist. LEXIS 198978, at *2 (E.D. Cal. Oct. 31, 2022) ("the court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order prison officials to allow Plaintiff to correspond with other inmates"); *Dawson v. Beard*, 1:15-cv-01867-DAD-GSA-PC, 2018 U.S. Dist. LEXIS 179458, at *2 (E.D. Cal. Oct. 18, 2018); *see also Franklin v. McDonnell*, No. CV 16-1192-CAS (AGR), 2018 U.S. Dist. LEXIS 225317, at *3 (C.D. Cal. June 8, 2018) (denying motion seeking Court order requiring CDCR to allow written correspondence between Plaintiff and another inmate); *Mitchell v. Baeza*, No. 1:20-cv-00857-KES-HBK (PC), 2024 U.S. Dist. LEXIS 136504, at *4 (E.D. Cal. Aug. 1, 2024) (denying request to order prison staff to permit correspondence between prisoner plaintiff and another inmate).

**B.     Security Concerns Raised by Correspondence Between Inmates**

Plaintiff also cites no authority that allows him to circumvent applicable state law or otherwise supports this Court interfering with the operations and safety of the State Prisons for the purpose of giving Plaintiff access to other inmates.

California Code of Regulations title 15, § 3139 governs correspondence between inmates, parolees, and probationers. *See* Cal. Code Regs., tit. 15 § 3139(a). Pursuant

thereto, inmates may correspond with one another if they obtain written authorization from the appropriate prison officials. *Id.* Specifically, Section 3139 permits correspondence between inmates only if they meet "the criteria of approval of no known STG affiliation, or involvement with a known terrorist group or racketeering enterprise, and would not otherwise pose a threat to the safety of the institution or other persons." *Id.* at § 3139(d). The regulations further provide that a facility may limit an inmate's correspondence to immediate family, co-litigants on active cases, and the natural parent or legal guardian of the incarcerated person's child. *Id.* at § 3139(i)(1)–(3).[2]

Plaintiff states that he "does not seek an open correspondence" with the Inmate Witnesses. Doc. No. 64 at 2. However, if the Court grants Plaintiff's Request, the Court will, by necessity, allow Plaintiff to correspond with the Inmate Witnesses so Plaintiff can ask them to provide declarations. As such, the relief Plaintiff seeks would allow Plaintiff to circumvent Section 3139, the restrictions therein, and the decisions of those charged with evaluating whether correspondence between inmates poses a threat to institutional or personal safety.

Courts owe "substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977) ("The necessary and correct result of our deference to the informed discretion of prison administrators permits them, and not the courts, to make the difficult judgments concerning institutional operations[.]"). Furthermore, the regulation of correspondence between inmates is connected to legitimate security concerns given that such correspondence can be used to communicate escape plans and arrange assaults or other violent acts. *Turner v. Safley*, 482 U.S. 78, 91 (1987). The danger of such coordinated

---

[2] Similar to subsection (b), this portion of the regulation previously appeared within 15 CCR § 3139(f)(1)–(3). The Court cites to the current version where it appears under subsection (i)(1)–(3).

criminal activity is exacerbated by the presence of gangs. *Id.* at 92. And Section 3139 expressly requires that any decision to approve or deny a correspondence request consider "the safety and security of the institution or other persons." Cal. Code Regs., tit. 15 § 3139(d).

The Court is not prepared to disrupt prison operations and disturb the decisions of prison officials concerning Plaintiff's correspondence requests, particularly considering the unique security concerns raised by Plaintiff's Request. Here, prison officials already evaluated and determined that correspondence between Plaintiff and the Inmate Witnesses does not meet the "criteria of approval" in Section 3139 and/or is not otherwise appropriate. Indeed, review of the correspondence forms confirms that the Inmate Witnesses had either "validated" or "suspected" gang affiliations, supporting denial of the correspondence requests pursuant to Section 3139(d).

More importantly, Defendant confirms that restricting the requested correspondence between gang members prevents coded messages that can advance criminal activity and threaten institutional security. Specifically, in the sealed portions of his Opposition, Defendant provides substantial details concerning the specific safety issues implicated by Plaintiff corresponding with the Inmate Witnesses.[3] The Opposition lays out specific gang-related activity and violence that may be advanced by Plaintiff's correspondence with other members of the "Mexican Mafia." Doc. No. 89 at 4–5. These security concerns are unique to Plaintiff and corroborated by Captain Chaucer's personal knowledge of facts and circumstances given his role within the Investigative Service Unit at the prison housing Plaintiff. *Id.* at 8–11. While most of the security concerns Defendant raises relate to Plaintiff's specific gang affiliation, correspondence between inmates in different

---

[3] The Court granted Defendant's motion to seal portions of the Opposition. *See* Doc. No. 88. The Court cites to the unredacted, sealed version of the Opposition. A redacted, unsealed version of the Opposition is available and attached to Defendant's Motion to File Documents Under Seal. Doc. Nos. 79-2, 79-3, 79-4.

institutions, irrespective of gang affiliation, present risks to institutional and personal safety. *See Turner*, 482 U.S. at 91.

In short, the decision of corrections officials concerning correspondence between inmates at different prisons is "a judgment 'peculiarly within [their] province and professional expertise,' [and] should not be lightly set aside by the courts." *Turner*, 482 U.S. at 92-93 (*quoting Pell v. Procunier*, 417 U.S. 817, 827 (1974)). The Court finds no basis for injecting itself into these administrative decisions. Nor is the Court prepared to grant relief that both circumvents Section 3139 and overrides the various decisions denying Plaintiff's correspondence requests in the first instance, especially given the legitimate and significant security concerns raised by Plaintiff's Request in particular.

### C. Plaintiff's Request Does Not Guarantee Declarations

Lastly, the Court notes that even if the Court were to grant the Request, there is no guarantee Plaintiff will obtain the declarations he seeks. The Inmate Witnesses have no obligation to provide a declaration. Indeed, Plaintiff received permission to correspond with Inmate Evans, but despite Plaintiff's detailed request for a declaration, Inmate Evans failed to respond to Plaintiff. Doc. No. 64 at 2, 8–9.

Given the significant security risks presented by the Request and the lack of any assurances that Plaintiff will receive a declaration from any Inmate Witness, the Court is further persuaded that interfering with the prison officials' decisions denying Plaintiff's correspondence is not warranted.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Request.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Honorable Valerie E. Torres
United States Magistrate Judge