# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>　　　　　　　　Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR RELIEF**<br><br>**[Doc. No. 105]** |

　　　　Before the Court is Plaintiff's *Ex Parte* Motion for Relief. Doc. No. 105 ("*Ex Parte* Motion"). Therein, Plaintiff requests a conference call with the Court for purposes of resolving a discovery dispute concerning "four interrogatories and request for production of documents" after meet and confer efforts purportedly failed. *Id.* at 1–2. In his response, Defendant disagrees with Plaintiff's characterization of the meet and confer efforts but does not object to Plaintiff's request for a conference call. Doc. No. 107 at 2.

　　　　As an initial matter, the Court notes that fact discovery in this case closed on November 4, 2024. Doc. No. 73 at 2. The initial scheduling order in this case, dated November 6, 2023, required fact discovery to be completed by April 5, 2024. Doc. No. 33 at 3. However, the Court granted multiple requests for extensions and permitted fact discovery to occur for nearly twelve (12) months. *See* Doc. Nos. 58, 73. The Court specified

1

that discovery must be initiated sufficiently in advance so that it may be completed by the cutoff date and that any related meet and confer efforts must occur promptly. Doc. No. 73 at 2. The undersigned's Civil Chambers Rules further specify that parties must initiate a conference call with Chambers within forty-five (45) days of the event giving rise to a discovery dispute. J. Torres Civ. Chambers R. VIII.E. The date of this triggering event is not the date of impasse, but rather when the discovery response was due. *Id.*

Here, neither party addresses when the interrogatories and request for production at issue were served or when Defendant's responses were due. Even if the Court assumes discovery was served just before the cut-off, Plaintiff's request for a joint call to Chambers is well past relevant deadlines. For instance, if the discovery requests were served on November 4, 2024, the last day of fact discovery, Defendant's responses were due December 4, 2024. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Assuming the above scenario, a joint call to Chambers concerning Defendant's responses or failure to respond was required by January 17, 2025. *See* J. Torres Civ. Chambers R. VIII.E. Understanding that Plaintiff is a pro se prisoner and cannot initiate a joint call, a request for a joint call was at least required by that date. *See Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("…pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.")

Moreover, the Court has repeatedly emphasized the importance of conducting meet and confer efforts promptly and following discovery dispute procedures closely. After the Mandatory Settlement Conference held on March 13, 2024, the Court ordered the parties to meet and confer concerning document production and discovery. Doc. No. 43. The Court later addressed the parties' discovery disputes during a Discovery Conference and ordered further meet and confer efforts. Doc. No. 67. Thus, Plaintiff was aware of the requirement to promptly meet and confer regarding discovery disputes, as well as the procedures to follow thereafter. *See, e.g.* Doc. Nos. 78, 81.

At this juncture, the discovery dispute underlying Plaintiff's *Ex Parte* Motion appears untimely. The 12-month fact discovery period concluded over ninety days ago and

neither party explains why the referenced discovery requests or dispute were delayed until this point. However, "courts must apply considerable leeway when assessing whether a pro se civil litigant's failure to comply strictly with time limits… should be excused for 'good cause,' *especially* when that litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d. 1050, 1058 (9th Cir. 1992), *overruled on other grounds by WMX Techs v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (emphasis in original). To ensure Plaintiff has an adequate opportunity to explain his apparent failure to comply with the aforementioned deadlines, a Discovery Conference is appropriate. Therefore, based on a review of the *Ex Parte* Motion and the record, the Court **GRANTS** the *Ex Parte* Motion. The Court **ORDERS** the following:

1. A Discovery Conference will be held on **March 10, 2025** at **10:30 a.m.** before Magistrate Judge Valerie E. Torres by Zoom video conference.

2. Defense counsel shall coordinate Plaintiff's remote appearance. The Court will send video conference information to defense counsel two business days prior to the Discovery Conference.

**IT IS SO ORDERED.**

Dated: February 28, 2025

Honorable Valerie E. Torres
United States Magistrate Judge