UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>E. DUARTE,<br><br>            Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR SANCTIONS**<br><br>**[Doc. No. 110]** |

Before the Court is Plaintiff's Motion to Strike Defendant's Notice of Lodging of Discovery Documents Subject to Information Privilege and Motion for Sanctions ("Motion"). For the reasons detailed below, the Court **DENIES** Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, seeks relief under 42 U.S.C. § 1983 based on a First Amendment retaliation claim against Defendant Duarte. Doc. Nos. 8. at 7; 9 at 24. On October 10, 2024, Plaintiff filed a Motion to Compel Discovery, requesting that Defendant produce certain discovery documents. Doc. No. 81. On October 22, 2024, Defendant filed a timely Opposition, asserting the official information privilege in response to Plaintiff's requests for production. Doc. No. 83 at 10. Subsequently, this Court ordered that Defendant lodge all unredacted and redacted versions of the documents withheld pursuant to the official information privilege ("Documents") for *in*

*camera* review according to Fed. R. Civ. P. 26(b)(5)(A)(ii). Doc. No. 95 at 2. On February 7, 2025, Defendant lodged the Documents with the Court and filed a Notice of Lodging of Documents Subject to Official Information Privilege. *See* Doc. No. 103. Plaintiff now requests that the Court strike the lodged Documents and sanction Defendant. Doc. No. 110 at 1-2.

## II. DISCUSSION

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f); *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp 3d 1004, 1014 (S.D. Cal. 2019). Motions to strike are regarded with disfavor, in part, "because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Serafin v. Realmark Holdings, LLC*, No. 23-cv-03275-PCP, 2024 U.S. Dist. LEXIS 6972, at *2 (N.D. Cal. Jan. 12, 2024)

As an initial matter, the Court notes that the Documents are not part of any pleading in the record. Nor were the Documents filed on the public docket as the Documents were lodged with the undersigned's chambers. Doc. No. 103. As such, there is technically nothing for the Court to strike from the record. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (holding that "only pleadings are subject to motions to strike" and noting the absence of any cases construing Rule 12(f) "as allowing a district court to strike material not contained in the pleadings of the case"). Still, even if part of the record, there is no basis to strike the Documents. Defendant lodged the Documents to comply with a Court order. *See* Doc. No. 95 at 2. Specifically, the Court requested the Documents for the purpose of conducting an *in-camera* review to decide Defendant's official information privilege claims. *Id.* By lodging the Documents,

Defendant was responding to the Court's order. Accordingly, the Court declines to strike documents that it ordered Defendant to provide for purposes of evaluating his privilege claims. *Gaines*, 424 F. Supp. 3d at 1014 ("motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation").

### B. Motion for Sanctions

Plaintiff requests that "sanctions be put on defendant for filing [the Documents] in bad faith." Doc. No. 110 at 2. As already explained, Defendant filed the Documents in response to this Court's order. In doing so, Defendant did not engage in any sanctionable conduct. Accordingly, the Court denies Plaintiff's request for sanctions.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion in its entirety.

**IT IS SO ORDERED**.

Dated:  March 24, 2025

_____
Honorable Valerie E. Torres
United States Magistrate Judge