# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

FRANK J. FERNANDEZ,

                Plaintiff,

v.

E. DUARTE, ISU Sergeant,

                Defendant.

Case No. 22-cv-0446-BAS-VET

**ORDER:**

1. **OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 104),**

2. **CONFIRMING ADOPTION OF REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 92),**

3. **CONSTRUING MOTION AND GRANTING MOTION FOR EXTENSION (ECF No. 122), AND**

4. **DENYING MOTION FOR RECONSIDERATION (ECF No. 116)**

      The plaintiff, Frank J. Fernandez ("Plaintiff") is incarcerated and representing himself in the case (also called "proceeding pro se"). During discovery and without leave of the Court, the defendant took Plaintiff's deposition. However, the Federal Rules of Civil Procedure require a party to obtain leave of court if the subject of a deposition "is confined in prison," as Plaintiff presently is. Fed. R. Civ. P. ("Rule") 30(a)(2)(B). After Plaintiff raised this issue, the defendant requested and obtained leave of the Court to take the

deposition pursuant to Rule 30. (ECF Nos. 69, 85.) Later, Plaintiff filed a Motion to Suppress Deposition of Plaintiff. (ECF No. 72.) On December 18, 2024, the Honorable Valerie E. Torres, United States Magistrate Judge, issued a Report & Recommendation ("R&R"), which recommended that the Court deny Plaintiff's Motion. (R&R, ECF No. 86.) Objections to this R&R were due on January 6, 2025, but the Court received none and so applied the clear and convincing standard to its review of the R&R before adopting the R&R in its entirety. (ECF No. 92.) Weeks later, Plaintiff alerted the Court that he had been transferred and that consequently the R&R reached him after the deadline to file objections had passed. (ECF No. 99.) He requested an extension of time to object to the R&R. (*Id.*) The Court granted the extension. (ECF No. 102.) Plaintiff has now timely filed his Objections to the R&R (ECF No. 104), and Defendant has filed his Reply in Support of the R&R (ECF No. 114).

Plaintiff also moved the Court to either stay the case or deny summary judgment while these and other discovery conflicts were pending. (ECF No. 106.) In the alternative, Plaintiff requested additional time to respond to Defendant's summary judgment motion. (*Id.*) The Court partially granted the motion, extending Plaintiff's response deadline to April 10, 2025. (ECF No. 109.) Plaintiff moved for reconsideration of the Order, again requesting the Court stay the case while discovery issues were pending. (ECF No. 116.) However, Plaintiff nonetheless filed a Response to Defendant's Summary Judgment Motion on April 11, 2025. (ECF No. 123.) Plaintiff also moved to extend the deadline for filing this Response. (ECF No. 122.) Defendant has not opposed this latest extension request.

For the following reasons the Court (1) **OVERRULES** the Objections and **CONFIRMS** the adoption of the R&R in its entirety (ECF No. 104), (2) **GRANTS** Plaintiff's Motion for Excusable Neglect (ECF No. 122), and (3) **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 116).

## I. OBJECTIONS TO R&R (ECF No. 104)

The Court reviews *de novo* those portions of a Magistrate Judge's R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge. In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196 (9th Cir. 1974)). Plaintiff objects to the Magistrate Judge's R&R on three grounds. The Court addresses each in turn.

Plaintiff first asserts that the R&R incorrectly held his Response to Defendant's nunc pro tunc motion (ECF No. 77), and his Motion to Suppress his own deposition (ECF No. 72), as moot. (ECF No. 104 at 2–3.) To the contrary, the R&R did no such thing. The R&R did not address the nunc pro tunc motion at all, but rather addressed Plaintiff's Motion to Suppress, choosing to resolve the nunc pro tunc motion separately. (ECF Nos. 85, 86.) Further, the R&R did not hold that Plaintiff's motion to suppress was moot, but rather that the *argument* for Plaintiff's Motion to Suppress was moot. Plaintiff's sole argument in his Motion to Suppress was that Defendant took the deposition without leave of the Court. (*See generally* ECF No. 72.) The R&R properly noted that since Defendant later obtained leave of the Court, the lack of permission was no longer an issue and Defendant's argument fell

flat; that argument was his only one. On these grounds alone, the Magistrate Judge may have denied Plaintiff's Motion to Suppress, but the R&R went on to provide additional grounds for denial. (ECF No. 86 at 2.)

Second, Plaintiff objects to the R&R's use of *Ashby v. McKenna*, 331 F.3d 1148 (10th Cir. 2003), and *Kendrick v. Schnorbus*, 655 F.2d 727 (6th Cir. 1981), and argues the R&R should have applied *Whitehurst v. United States*, 231 F.R.D. 500 (S.D. Tex. 2005), instead because its facts are more analogous to Plaintiff's circumstances. (ECF No. 104 at 3–4.) Reviewing the cases *de novo*, this Court agrees with the R&R's use of *Ashby* and *Kendrick*.

The R&R used *Ashby* to derive a rule of law that showed Rule 30 applied to Plaintiff, something in Plaintiff's favor on this issue. (ECF No. 86 at 2.) The R&R did not analogize between the facts of *Ashby* and the facts of the instant case. (*See* ECF No. 86 at 2 ("There is no exception to [Rule 30's] requirement when the deponent is a party to the lawsuit.")

*Kendrick* is exactly on point for the questions presented by this case. In it, the imprisoned plaintiff, Kendrick, brought a § 1983 suit. *Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981). Officers took Kendrick's deposition while he was imprisoned and used it in a motion for summary judgment. *Id.* Kendrick opposed the use of the deposition, claiming it was improper because the officers did not obtain leave of the court to take the deposition, as required by Rule 30 (the exact rule at issue here). *Id.* The Sixth Circuit held that without a showing of real injury due to the failure to obtain leave of court to take the deposition, it could not hold the district judge abused his discretion in failing to suppress." *Kendrick*, 655 F.2d at 729. Therefore, applying the standard of real injury from *Kendrick* to this case is manifestly sensible.

Although Plaintiff asserts that, contrary to the R&R's finding, Plaintiff was prejudiced and injured by the deposition, he asserts no facts to show this. He claims the purpose of the deposition was to harass and prejudice him. (ECF No. 104 at 4.) However, he does not claim that he in fact *was* either prejudiced or harassed. (*Id.*) Further, in his Motion to Suppress, Plaintiff did not then allege any facts showing prejudice or injury. (*See*

ECF No. 72.) Accordingly, the Court affirms the R&R's finding that Plaintiff was not prejudiced or injured by the deposition being taken without leave of the Court and that, under *Kendrick*, the Court may therefore refuse to suppress the deposition.

Plaintiff claims the R&R should have applied *Whitehurst*, rather than *Kendrick*, in coming to its recommendation. *Whitehurst*, deals with Rule 31, not Rule 30, and contains none of the in-depth reasoning found in *Kendrick*. While both cases are persuasive authority upon this Court, *Kendrick*'s deeper reasoning, and wrestling with the actual Rule at issue in this case, rather than a similar but different Rule, makes it more on point and the better case. This Court therefore adopts the R&R's finding that there is no requirement that a judge suppress a deposition where a party fails to obtain leave of court under Rule 30(a)(2). (ECF No. 86 at 2); *see also Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990) ("Rule 30(a) does not create a *per se* rule of suppression when there occurs a technical violation of its provision to obtain leave of court before taking the deposition of a person confined in prison.").

Third, Plaintiff contradicts the R&R's finding that he did not object to the deposition during the deposition and that therefore his objection would be waived. Plaintiff cites to the deposition transcript at page 5, line 7, for the proposition that he attempted to object to the deposition. (ECF No. 104 at 4.) Having read the cited portion of the transcript, the Court does not find support for Plaintiff's assertion.[1] At page 5, line 7 of the Deposition Transcript, the line reads in full (inclusive of a bit of the preceding and following lines): "If you answer the question, I will assume you understood the question as I've asked it." Out of an abundance of caution, the Court reviewed the five pages of the Deposition Transcript both preceding and following Plaintiff's citation but discovered no indication that Plaintiff objected or attempted to object to the deposition at the time it was taken. The R&R did not commit clear error in finding Plaintiff did not object to the deposition at the

---

[1] The transcript of Plaintiff's deposition was lodged with the Court in the form of a physical copy. (*See* ECF No. 54-1, Ex. B, Notice of Lodgment of Transcript (hereinafter, "Deposition Transcript" or "Depo. Tr.").) Upon this record the Court makes its findings.

time it was taken and that any later objection was therefore waived. *See* Fed. R. Civ. P. 32(d)(3)(B) (stating that errors and irregularities related to the manner of taking a deposition are waived if they are not timely made during a deposition).

Accordingly, the Court accepts the R&R's findings, **OVERRULES** Plaintiff's Objections, and **CONFIRMS** its earlier adoption of her R&R denying Plaintiff's motion to suppress his deposition testimony. *See* Fed. R. Civ. P. 72(a).

## II.     MOTION FOR EXCUSABLE NEGLECT (ECF No. 122)

Plaintiff filed what he captioned as a "Motion for Excusable Neglect," (ECF No. 122), and which the Court construes as a Motion to Extend his deadline to file a Response to Defendant's Motion for Summary Judgment. In it, Plaintiff seeks leave of the Court to file his Response to Plaintiff's Motion for Summary Judgment late. In support of his Motion, Plaintiff cites multiple instances where he was denied access to the prison law library. (ECF No. 122 at 1–2.) The Court **GRANTS** Plaintiff's Motion. Plaintiff's Response is deemed timely. (ECF No. 123.)

## III.     MOTION FOR RECONSIDERATION (ECF No. 116)

Reconsideration is an "extraordinary remedy." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It should be used sparingly in the interests of finality and conserving judicial resources. *Id.* Therefore, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff moved for reconsideration of this Court's Order setting the deadline for Plaintiff's Response to Defendant's Motion for Summary Judgement. (ECF No. 116.) Plaintiff seeks acknowledgement that discovery motions remain pending and moves the Court to reconsider staying the case while rulings remain outstanding on these motions. (*Id.* at 2.) Plaintiff cites to no "highly unusual circumstances" that would require the Court

to grant such a motion. (*See generally id.*) Accordingly, the Motion for Reconsideration is **DENIED**. (ECF No. 116.)

## IV. CONCLUSION

For the reasons stated above, the Court:

1. **OVERRULES** Plaintiff's Objections (ECF No. 104) and **CONFIRMS** the Court's adoption of the R&R in its entirety (ECF No. 92),
2. **GRANTS** Plaintiff's Motion to Extend (ECF No. 122), and
3. **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 116).

**IT IS SO ORDERED.**

**DATED: April 22, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**