# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>                Plaintiff,<br><br>   v.<br><br>E. DUARTE, ISU Sergeant,<br><br>                Defendant. | Case No. 22-cv-0446-BAS-VET<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEAL (ECF No. 136)** |

Defendant in this case moves to seal portions of his Motion for Summary Judgment, along with some of the supporting evidence, not only from the public but also from the Plaintiff, who is appearing pro per. (ECF No. 136.) Ironically, Defendant simultaneously opposes Plaintiff's request for appointment of counsel. (ECF No. 138.) Requesting that the Court rely on facts, while hamstringing Plaintiff from responding to those facts, violates the very essence of due process. Hence, the Court **DENIES** the Motion to Seal (ECF No. 136).

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.

2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* An action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case. *Id.* at 1098. Similarly, a party's opposition to a motion to dismiss is more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1098.

In this case, the underlying motion is more than tangentially related to the merits, so the "compelling reasons" standard applies. However, even if the Defendant meets the compelling reasons standard, which it may well do with the concerns about security, the basic tenets of due process prohibit submitting information to a judge ex parte without giving the other party a chance to respond.[1]

The Court is cognizant that such a rule requires Defendant to make judgment calls about what information he wants to rely on and how much he can realistically disclose. Those sorts of decisions are made frequently in criminal cases, when law enforcement assesses the need, for example, of a confidential informant's testimony against disclosure

---

[1] Out of curiosity, if this case goes to trial, how does Defendant plan to proceed: ask Plaintiff to leave the courtroom during part of the trial so he does not hear the facts on which the Defendant plans to rely?

to the defendants. At any rate, any information which Defendant plans to present to the Court and rely on in support of his Motion for Summary Judgment must be disclosed first to Plaintiff. Defendant, therefore, has the option of relying solely on the redacted Motion for Summary Judgment and withdrawing any reference to anything in those redactions, or turning over an unredacted version to Plaintiff.[2] The Court would consider sealing the information from the public docket, but the Court cautions Defendant that he may not be able to keep this information confidential at a public trial.

Defendant is ordered to notify the Court on the docket by **Friday, July 11, 2025**, whether he plans to withdraw his reliance on this information or disclose it to the Plaintiff. If the latter, Plaintiff will be given an opportunity to file a sur-reply in response to these documents.

For the reasons stated above, the Motion to Seal (ECF No. 136) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 1, 2025**

**Hon. Cynthia Bashant, Chief Judge
United States District Court**

---

[2] The Court would be open to other protections for this material, such as disclosing the information to Plaintiff without allowing him to keep copies.