

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>               Plaintiff,<br><br>v.<br><br>E. DUARTE,<br><br>               Defendant. | Case No.: 3:22-cv-00446-BAS-VET<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO DISMISS**<br><br>**[Doc. Nos. 115, 117]** |

Before the Court is Plaintiff's Motion for Reconsideration ("Motion for Reconsideration") (Doc. No. 115) and Motion to Dismiss Defendant's Motion to File Documents Under Seal ("Motion to Dismiss") (Doc. No. 117). Therein, Plaintiff asks the Court to: (i) reconsider its February 24, 2025 Order (Doc. No. 108), denying Plaintiff's motion to obtain inmate declarations ("February 24 Order"); and (ii) dismiss Defendant's motion to file documents under seal (Doc. No. 79), filed in connection with Defendant's opposition to Plaintiff's motion to obtain inmate declarations. Doc. Nos. 115 at 1, 117 at 1. For the reasons stated below, the Court **DENIES** the Motion for Reconsideration and Motion to Dismiss.

## I.    BACKGROUND

On September 3, 2024, Plaintiff moved to obtain declarations from inmates housed in different correctional institutions. Doc. No. 64 ("Motion for Declarations").

On October 10, 2024, Defendant filed a Motion to Seal ("Motion to Seal"), seeking to seal portions of Defendant's Opposition to the Motion for Declarations ("Opposition"). Doc. No. 79. The Motion to Seal includes a redacted version of the Opposition with supporting declarations from counsel and B. Chaucer ("Chaucer Declaration") and attaches a Certificate of Service, dated October 10, 2024 ("Certificate of Service"). Doc. Nos. 79-2, 79-3, 79-4, 79-5. The Certificate of Service verifies that Defendant mailed the Motion to Seal, including the Opposition and supporting declarations, to Plaintiff at Pelican Bay State Prison. *Id.*

On January 10, 2025, the Court granted the Motion to Seal, permitting the redacted portions of the Opposition to remain under seal ("January 10 Order"). Doc. No. 88. Thereafter, on January 13, 2025, Plaintiff filed two notices of change of address. Doc. Nos. 90, 91. Both notices identified Plaintiff's new address in Corcoran, CA and were substantively identical. *See* Doc. Nos. 90, 91.

On February 24, 2025, the Court denied Plaintiff's Motion for Declarations. Doc. No. 108. On March 7, 2025, almost two months after the Court granted the Motion to Seal, Plaintiff filed the Motion for Reconsideration, requesting that the Court reconsider its denial of the Motion for Declarations. Doc. No. 115 at 1. On the same date, Plaintiff also filed the Motion to Dismiss. Doc. No. 117. The genesis for both motions is Defendant's purported failure to serve Plaintiff with the Motion to Seal, including the Opposition and supporting declarations.

In the Motion for Reconsideration, Plaintiff claims that Defendant's alleged "failure and negligence . . . to serve even the redacted document" prejudiced Plaintiff as he was not able to respond, object, or oppose the Motion to Seal. Doc. No. 115 at 1, 2. Plaintiff does not attach any documents or other evidence to support his assertions. *See generally id.*

In the Motion to Dismiss, Plaintiff continues to argue prejudice, stating that he was "never given a fair opportunity to oppose" the Motion to Seal because he was never served with a copy, which prejudices his right to appeal. Doc. No. 117 at 2. Plaintiff also provides additional details concerning his address change, indicating that on December 31, 2024, he

was transferred from Pelican Bay State Prison to Corcoran State Prison. *Id.* at 1, 2. Plaintiff further represents that he has not yet received the January 10 Order (granting the Motion to Seal), but also states that he was unaware of the Motion to Seal until the January 10 Order. *Id.* at 2. In a supporting declaration, Plaintiff explains that he learned of the January 10 Order when he "was informed by a friend that a January 10, 2025 order was posted on line [sic] granting [the Motion to Seal]." *Id.* at 3. Thereafter, he "went on to the prison law library app and found the January 10, 2025 order." *Id.* Upon reading it, Plaintiff realized he was missing the Motion to Seal (Doc. No. 79), and that it was "part" of the Chaucer Declaration he was missing. *Id.* Plaintiff further states that on February 3, 2025, he informed defense counsel that Plaintiff was missing the Motion to Seal and, on February 4, 2025, defense counsel served Plaintiff with a copy of the Opposition. *Id.* at 4. According to Plaintiff, "Doc. No. 79-2-3-4 . . . is what defendat's [sic] counsel never sent to plaintiff that had the attached declaration by B. Chaucer." *Id.* at 4.

In further support of his contentions, Plaintiff attaches the following exhibits to the Motion for Reconsideration: (i) a blank In-Cell Legal Materials Request Form; (ii) correspondence to defense counsel, dated October 29, 2024, requesting the Chaucer Declaration attached to Defendant's opposition to a motion to compel; (iii) defense counsel's response, dated November 6, 2024, attaching the requested declaration in redacted form; and (iv) a proof of service, dated February 4, 2025, in which Defendant attests to serving Plaintiff with several documents by mail, including "DEFENDANT'S REDACTED OPPOSITION TO PLAINTIFF'S MOTION TO SEND LETTERS AND PROOF OF SERVICE." Doc. Nos. 117-1, 117-2, 117-3, 117-4.

## II.   DISCUSSION

The Court finds that Plaintiff offers no persuasive legal argument or evidence to support either the Motion for Reconsideration or the Motion to Dismiss.

The Motion for Reconsideration fails on every front. First, Plaintiff fails to cite a proper legal basis for reconsideration. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("[A] motion for reconsideration should not be granted, absent highly unusual

1  circumstances, unless the district court is presented with newly discovered evidence,
2  committed clear error, or if there is an intervening change in the controlling law."). Plaintiff
3  does not present newly discovered evidence, does not cite an intervening change in
4  controlling law, and does not contend that either the February 24 Order or the January 10
5  Order was clearly erroneous. Second, even assuming a failure to serve a pleading would
6  support reconsideration, Plaintiff cites no evidence substantiating his assertions that he was
7  never served with the Motion to Seal. Instead, the record shows otherwise. The Certificate
8  of Service attached to the Motion to Seal confirms that Defendant served Plaintiff with the
9  Motion to Seal, including the Opposition, by mail on October 10, 2024 at Plaintiff's address
10 of record (*i.e.*, at Pelican Bay State Prison). Doc. No. 79-5. Moreover, service of the Motion
11 to Seal occurred before Plaintiff filed a notice of change of address and his transfer on
12 December 31, 2024 to Corcoran State Prison. *See* Doc. Nos. 79-5, 90, 91.

13       The Motion to Dismiss fails for similar reasons. First, Plaintiff again offers no legal
14 arguments to support dismissing or striking the Motion to Seal or re-litigating the issues
15 raised by the Motion for Declarations, the latter of which seems to be Plaintiff's primary
16 reason for seeking relief. Second, while Plaintiff contends that he did not receive the
17 Motion to Seal, including the Opposition, Plaintiff's representations in support of this
18 contention are confusing, vague, inconsistent, not supported by the record, and therefore
19 not credible. For instance, Plaintiff maintains that he still had not received the Court's
20 January 10 Order as of February 25, 2025, yet he simultaneously represents that he "was
21 unaware of the Motion to file documents under seal until this Court's Order of January 10,
22 2025. . . ." *See* Doc. No. 117 at 1, 2. He then explains that his friend informed him of the
23 January 10 Order, but he fails to identify when this notice purportedly occurred or how his
24 friend learned of the January 10 Order. And although Plaintiff can access a "prison law
25 library app" that apparently allows him to retrieve court filings, he also fails to explain why
26 he did not also access the Motion to Seal upon reviewing the January 10 Order.
27 Additionally, in Plaintiff's "Motion to Deny Summary Judgment," dated and served on
28 February 6, 2025, Plaintiff expressly cites the Opposition and quotes the Chaucer

Declaration. *See* Doc. No. 106 at 3 (citing Doc. No. 79-4). Therein, Plaintiff makes no mention of Defendant's purported failure to timely serve the Opposition (or Motion to Seal). Moreover, as already noted, Plaintiff's contentions directly contradict the record, which includes a Certificate of Service confirming service of the Motion to Seal, including the Opposition, on October 10, 2024.

Additionally, for unknown reasons, Plaintiff waited months to seek any relief or otherwise inform the Court of Defendant's alleged failure to serve the Motion to Seal. Plaintiff apparently knew in October 2024 that he did not receive the Chaucer Declaration, which Defendant filed as part of the Motion to Seal. Doc. Nos. 117 at 2, 117-2 at 2. Plaintiff requested the Chaucer Declaration and received a redacted version in November 2024.[1] Doc. No. 117-3 at 2. Although the caption of the Chaucer Declaration explicitly references the Opposition, Plaintiff took no further action. *See* Doc. No. 79-4 at 1. Then, on February 3, 2025, he asked defense counsel for a copy of the Motion to Seal, and in doing so, referenced the January 10 Order, meaning Plaintiff was fully aware of the Motion to Seal prior to February 3, 2025. Doc. No. 117 at 4. Defendant served a copy of the Opposition again on February 4, 2025, and Plaintiff confirms receipt. Doc. Nos. 117 at 4, 117-4 at 2. Two days later, on February 6, 2025, Plaintiff references both the Opposition and the Chaucer Declaration in his Motion to Deny Summary Judgment. *See* Doc. No. 106 at 3. Thus, Plaintiff had actual knowledge of the Opposition and its supporting declarations as of February 6, 2025 and more likely as early as November 2024.

---

[1] The correspondence between Plaintiff and defense counsel suggests that the Chaucer Declaration was filed in support of an opposition to a motion to compel. *See* Doc. No. 117 at 2. The record reflects that Defendant's opposition to Plaintiff's motion to compel is supported by a declaration from N. Telles, not B. Chaucer, although the opposition references the "Declaration of B. Chaucer." *See* Doc. No. 83 at 16, 65-74. Moreover, the N. Telles declaration is not redacted, in contrast to the Chaucer Declaration. *Compare* Doc. No. 83 at 65-74 with Doc. No. 79-4. The record also shows that the Chaucer Declaration supports the Opposition, which Defendant filed in redacted form as part of the Motion to Seal. *See* Doc. No. 79-4.

Nevertheless, Plaintiff did not raise the service issue with the Court until March 7, 2025, and did so only after the Court denied the Motion for Declarations. This delay is especially troubling given Plaintiff's demonstrated ability to communicate with Defendant, access the docket, and swiftly seek relief from the Court. In fact, from October 2024 through March 2025, Plaintiff filed at least nine motions or responses seeking some form of relief from the Court. *See* Doc. Nos. 77, 81, 99, 104, 105, 106, 107, 110, 116. On this issue, however, Plaintiff waited, despite the purported prejudice caused by Defendant's alleged failure to serve. And he offers no explanation for this months-long delay.

Lastly, the Court notes that the opportunity to re-litigate the issues surrounding the Motion for Declarations will not cure its jurisdictional defects. The Court denied the Motion for Declarations, first and foremost, on jurisdictional grounds, finding that the Court lacked jurisdiction to order state prisons, as non-parties, to give Plaintiff access to inmates at various state correctional institutions. Doc. No. 108 at 4, 5; *see also Warzek v. Valley State Prison,* No. 1:20-cv-00027-ADA-GSA-PC, 2022 U.S. Dist. LEXIS 198978, at *2 (E.D. Cal. Oct. 31, 2022) ("the court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order prison officials to allow Plaintiff to correspond with other inmates"); *Mitchell v. Baeza*, No. 1:20-cv-00857-KES-HBK (PC), 2024 U.S. Dist. LEXIS 136504, at *4 (E.D. Cal. Aug. 1, 2024) (denying request to order prison staff to permit correspondence between prisoner plaintiff and another inmate). Because the Court lacks jurisdiction to award Plaintiff the relief he ultimately seeks, *i.e.*, obtaining inmate declarations, further briefing on the Motion for Declarations would be futile.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 115) and Motion to Dismiss (Doc. No. 117).

**IT IS SO ORDERED.**

Dated: July 8, 2025

Honorable Valerie E. Torres
United States Magistrate Judge