# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>         Plaintiff,<br><br> v.<br><br>E. DUARTE, ISU Sergeant,<br><br>         Defendant. | Case No. 22-cv-0446-BAS-VET<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RENEW DISPOSITIVE MOTION AND MOTION TO SEAL (ECF No. 146)** |

Defendant previously moved to seal portions of his Motion for Summary Judgment, along with some of the supporting evidence. (ECF No. 136.) However, Defendant asked the Court to shield this material not only from public view, but also from Plaintiff, who is appearing pro per. (ECF No. 136.) In denying the Motion to Seal, the Court explained, "Requesting that the Court rely on facts, while hamstringing Plaintiff from responding to those facts, violates the very essence of due process." (*Id.*)

Now before the Court is Defendant's Motion to Renew Dispositive Motion and Motion to Seal ("Renewed Motion"). (ECF No. 146.) Defendant devotes much of his Renewed Motion to explaining why there are compelling reasons that justify sealing the material. This effort misses the mark. The Court accepts Defendant's representations that publicly revealing this information would jeopardize prison security, and the Court is prepared to allow Defendant to shield this information from the public.

Where the Renewed Motion comes up short, however, is addressing the Court's due process concerns. Defendant continues to suggest that it would be appropriate to use concealed facts to rule against a litigant without letting the litigant address that evidence. (*See* Ramos Decl. ¶¶ 11–19.) Indeed, Defendant cites garden-variety caselaw on motions to seal, but fails to recognize that those authorities do not address sealing material from an opponent's eyes.

For example, Defendant cites *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2010). (Renewed Mot. 2:5–16.) There, the plaintiffs wanted to seal "several Experian documents detailing the company's internal procedures for complying with its [credit reporting] obligations." *Pintos*, 605 F.3d at 679. Experian was a defendant. *Id.* That means both parties had access to the evidence at issue, and this citation is inapposite.

Defendant also cites *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003). (Renewed Mot. 2:5–16.) That case is even less helpful. It involved "intervenors representing the public" who "moved for public access to sealed court records from" a lawsuit. *Foltz*, 331 F.3d at 1127. So, the case did not concern a litigant's access to the other party's evidence.

Accordingly, the Court will deny without prejudice the Renewed Motion. Defendant has two options to proceed. First, he can file a renewed motion to seal. If that renewed motion continues to seek to hide the information from Plaintiff's eyes, then the motion must cite to authorities from federal law, including the Supreme Court, the Ninth Circuit, or district courts in the Ninth Circuit, that address analogous circumstances. Generalized authorities are unacceptable.

For example, Defendant may wish to consider Federal Rule of Civil Procedure 26(a) as a starting point. That rule requires the automatic exchange of "all documents . . . that the disclosing party may use to support its claims or defenses" to the other side, which reflects the view that surprise evidence is incompatible with modern civil practice. Further, even evidentiary privileges cannot be used "as both a shield and a sword" in litigation. *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). If, however, Defendant concedes

that Plaintiff can view the material, then he may seek to seal the information from public view and propose other conditions to limit further disclosure or use of the information by Plaintiff beyond this litigation.

Alternatively, Defendant must withdraw his Motion for Summary Judgment and file a revised motion that does not rely on the materials that he wishes to hide from Plaintiff.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Renewed Motion. (ECF No. 146.) Defendant must either: (1) file a renewed motion to seal that adequately addresses the Court's concerns, or (2) withdraw his Motion for Summary Judgment and file a revised motion. Defendant must do so no later than **July 23, 2025**.

**IT IS SO ORDERED.**

**DATED: July 16, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**