UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FERNANDEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>E. DUARTE, ISU Sergeant,<br><br>　　　　　　　　　　Defendant. | Case No. 22-cv-0446-BAS-VET<br><br>**ORDER:**<br><br>**(1) TERMINATING AS MOOT MOTION FOR SUMMARY JUDGMENT (ECF No. 98);**<br><br>**(2) SETTING BRIEFING SCHEDULE ON AMENDED MOTION FOR SUMMARY JUDGMENT (ECF No. 163); AND**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 131)** |

　　　Presently before the Court are Defendant E. Duarte's Motion for Summary Judgment (ECF No. 98) and Amended Motion for Summary Judgment (ECF No. 163). Plaintiff Frank J. Fernandez is also seeking appointment of counsel. (ECF No. 131.) For the following reasons, the Court terminates as moot the Motion for Summary Judgment, sets a briefing schedule for the Amended Motion, and denies without prejudice Plaintiff's Motion to Appoint Counsel.

## I. Amended Motion for Summary Judgment

Defendant is seeking summary judgment in this prisoner civil rights action. Initially, Defendant filed a Motion for Summary Judgment with proposed redactions. (ECF No. 98.) Defendant asked the Court to keep the redacted information secret from not only the public but also Plaintiff. Ultimately, after an *in camera* hearing, the Court denied Defendant's Motion to Seal. (ECF No. 158; *see also* ECF Nos. 142, 147.) The Court ordered Defendant to file a revised motion and present to the Court and Plaintiff any evidence Defendant intended to use for this request. (ECF No. 158.)

Accordingly, Defendant filed an Amended Motion for Summary Judgment. (ECF No. 163.) And in light of this Amended Motion, the Court terminates as moot the initial Motion.

However, the Court notes that the Amended Motion still contains redactions, albeit narrower ones than the initial Motion. (*Compare* ECF No. 163-1, *with* ECF No. 98-1.) Hence, there is still some information that is being hidden. The Court is amenable to shielding that information from the public, but it is unclear whether Plaintiff has ever been provided an unredacted copy of the Amended Motion or its supporting materials. (*See* ECF No. 163 at 3–4.) If Defendant wishes for the Court to rely on any of the redacted information, he must file a proof of service on the docket confirming Plaintiff has been served with unredacted copies of Defendant's Amended Motion for Summary Judgment and the supporting exhibits. Defendant must do so no later than September 3, 2025. Otherwise, the Court will disregard any of the redacted information and direct the Clerk to reject and return any unredacted material that was previously lodged under seal in connection with Defendant's summary judgment motion.

## II. Briefing Schedule for Amended Motion

Now that Plaintiff has the benefit of the Amended Motion for Summary Judgment, he will need the opportunity to respond. The Court sets the following briefing schedule for Defendant's Amended Motion:

1. Plaintiff must file any opposition to the Amended Motion no later than September 24, 2025.

2. Defendant's reply, if any, must be filed no later than October 8, 2025.

### III. Motion to Appoint Counsel

Also before the Court is Plaintiff's Motion to Appoint Counsel. (ECF No. 131.) The Court previously denied this request on several occasions. (ECF Nos. 5, 22, 28, 57.)

The Court incorporates its discussion from the prior orders. To recap, there is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has demonstrated an ability to articulate his claims on the merits and to take his case thus far without counsel. Further, as Plaintiff renews his request for counsel at the summary judgment stage, the likelihood of success on the merits remains undetermined. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of success on the merits because the prisoner did not include any evidence indicating such); *see also Dickey v. Strayhorn*, No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied*, 2017 WL 4271975, at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations.").

Thus, having considered Plaintiff's renewed motion, the Court confirms that no "exceptional circumstances" exist at this stage of the case. The Court therefore denies without prejudice Plaintiff's Motion to Appoint Counsel.

### IV. Conclusion

In light of the foregoing, the Court **ORDERS** as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 98) is **TERMINATED AS MOOT.**

2. If Defendant wants the Court to consider any of the redacted information found in his Amended Motion for Summary Judgment (ECF No. 163), then Defendant must file a proof of service showing that Plaintiff has been provided unredacted copies of the Amended Motion and its attachments no later than September 3, 2025.

3. Plaintiff must file any opposition to the Amended Motion for Summary Judgment no later than **September 24, 2025**. Defendant must file any reply no later than **October 8, 2025**.

4. Plaintiff's Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE** (ECF No. 131).

**IT IS SO ORDERED.**

DATED: August 27, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court